ANIERO CONCRETE COMPANY, INC., Plaintiff

v.

AETNA CASUALTY AND SURETY COMPANY et. al., Defendant.

No. 94 Civ.9111 CSH.

United States District Court, S.D. New York.

Feb. 3, 2004.

Charles M. Carella, Carella, Byrne, Baine, Gilfillan, Cecchi, Stewart & Olstein, Roseland, NJ, for Aniero Concrete Co., Inc.

Paul A. Crotty, Corp. Counsel of the City of NY, New York, NY, for New York City School Const. Authority.

Monroe Weiss, Lambert, Weiss & Pisano, Monroe Weiss, Lambert & Weiss, New York, NY, for Aetna Cas. and Sur. Co.

## MEMORANDUM

HAIGHT, Senior District Judge.

Following a bench trial, this Court filed its Findings of Fact and Conclusions of Law in an Opinion reported at 2003 WL 23018789 (S.D.N.Y. Dec.23, 2003) (the "December Opinion"), familiarity with which is assumed. The December Opinion resolved all disputes revealed by the trial evidence and the post-trial briefs with respect to the amount plaintiff Aniero Concrete Company, Inc. ("Aniero") was entitled to recover on its *quantum meruit* claim against defendant Aetna Casualty and Surety Company ("Aetna"). Counsel for Aniero were directed to settle a judgment on notice "consistent with this Opinion." 2003 WL 23018789, at *45. Counsel for the parties filed and served cross-judgments. There are significant differences in amount. For the reasons that follow, the Court will sign and enter the judgment submitted by Aniero.

The Conclusions of Law in the December Opinion read in part:

2. Plaintiff Aniero Concrete Company, Inc. is entitled to a judgment against defendant Aetna Casualty and Surety Company in a sum comprised of (a) the total amount of Aniero's actual job costs incurred on the Morris High School Project, calculated in accordance with the Court's rulings, holdings, allowances and disallowances contained in this Opinion,

and (b) 15% of the amount referred to in ¶ 2(a) of these conclusions of Law, as an allowance for overhead and profit.

3. The judgment will further provide that on the amount which results from the implementation of ¶ 2 of these Conclusions of Law, Aniero is to receive prejudgment interest at the rate of 9% per annum, non-compounded, from the dates consistent with the relevant rulings contained in this Opinion.

On the question of prejudgment interest, the December Opinion directed that the interest on all items of Aniero's proved actual costs run from December 22, 1994, with the sole exception of a $100,000 allowed cost incurred by Aniero with respect to the disputed and ultimately settled claim of an Aniero subcontractor, Degmor, Inc. 2003 WL 23018789, at *44. As to that $100,000, the December Opinion held that interest would be computed from the date Aniero settled Degmor's claim (which had been accomplished post-trial). In that circumstance, the December Opinion directed that "Aniero's calculation of prejudgment interest must be a two-tiered exercise." *Id.*

I begin my analysis of the competing cross-judgments with the observation that Aetna has no quarrel with the calculation of the total amount of Aniero's actual job costs as stated in the judgment submitted by Aniero. Aniero did not recover all the actual job costs it claimed at trial. The Court disallowed some and reduced others. That explains the Court's command in ¶ 2(a) of the Conclusions of Law that the amount of Aniero's actual job costs ·at the Project be "calculated in accordance with the Court's rulings, holdings, allowances and disallowances" contained in the December Opinion. The judgment submitted by Aniero attempts to do that, and Aetna does not contend that Aniero got it wrong.

Rather, the two disputes reflected by the cross-judgments have to do with the 15% allowance for Aniero's overhead and profit mandated by ¶ 2(b) of the Conclusions of Law. One of these disputes has major economic consequences. The second is minor.

The major dispute arises in this manner. Aniero's proposed judgment adds the 15% overhead and profit allowance to its total actual costs as calculated in accordance with the December Opinion, and then deducts the amounts admittedly paid to Aniero by Aetna while Aniero was still working on the Project. The resulting calculations are: (1) actual job costs totaling $7,659,604.01, *plus* (2) 15% of that amount for overhead and profit, equaling $1,148,940.60, giving (3) a sub-total of $8,808,544.61, *less* (4) agreed payments by and credits to Aetna in the amounts of $6,781,069.00 and $25,000.00, resulting in an operative sub-total for judgment purposes of (5) $2,002,475.61 (exclusive of prejudgment interest).

Aetna's proposed judgment does not factor in the 15% allowance for overhead and profit until the payments made by Aetna are deducted from Aniero's actual job costs. That approach is the principal factor in reducing the value of the 15% allowance for overhead and profit from $1,148,940.60 (as calculated Aniero) to $128,030.25 (as calculated by Aetna), and the judgment total (exclusive of interest) from $2,002,475.61 (Aniero's figure) to $981,565.26 (Aetna's figure). Aetna's approach also has the effect of reducing the amount of Aniero's prejudgment interest.

 I do not accept Aetna's effort to reduce the value of the 15% overhead and profit allowance to which I have held Aniero entitled by *applying it only to the amount by which Aniero's proven actual job costs exceed Aetna's payments.* The resolution to this dispute does not lie in documents generated and exchanged while the parties were under the impression that

a valid contract existed between them. As I wrote in the December Opinion, "[w]hen this Court held that no contract existed between Aniero and Aetna, that supposed contractual world ... vanished in the twinkling of an eye." 2003 WL 23018789, at *39. Aniero's claim sounds in *quantum meruit.* I have said that "[u]nder a *quantum meruit* claim, a building contractor may recover its actual job costs for work, labor and services performed and material furnished, *plus* an allowance for overhead and profit." *Id.,* at *12 (emphasis added). I have held that Aniero is entitled to a 15% allowance for overhead and profit on the actual job costs it succeeded in proving at trial. That means that for each $1.00 of cost proved, Aniero is entitled to recover $1.15 ($1.00 in cost and $0.15 for overhead and profit) from Aetna. I have also said that "Aniero must show that the reasonable value of its work (*including any allowance for overhead and profit justified by the evidence* ) exceeds by a sufficiently quantifiable amount the payments it has received from Aetna." *Id.* (emphasis added) (footnote omitted).

Contrary to Aetna's assertions, Aniero calculated the amount to which it is entitled precisely as ¶¶ 2(a) and 2(b) of the Conclusions of Law required. If one thinks of the amount of Aniero's *quantum meruit* claim as a brick-and-mortar edifice (a pleasing analogy in the case at bar), that edifice is made up of a quantity of bricks, each worth $1.15 (with its $1.00 cost component and $0.15 overhead and profit component). If the total value of those bricks exceeds the amount of Aetna's prior payments, Aniero is entitled to claim the difference. There is no basis in law or in logic to take Aetna's prior payments into account until the total value of Aniero's claim has been calculated in a manner consistent with the law of *quantum meruit,* as expressed by this Court in the December Opinion and the prior opinions

which presaged it, as well as ¶ 2 of the Conclusions of Law.

For the foregoing reasons, I resolve this issue in Aniero's favor.

The minor overhead and profit allowance dispute relates to the $100,000 amount I have allowed in respect of the settlement payment Aniero made to Degmor. As noted *supra,* I said in the December Opinion that the later, post-trial date of the Degmor payment would require "a two-tiered exercise" in the calculation of prejudgment interest. My meaning was that for all other items of damages, prejudgment interest would run from December 22, 1994 (the date Aniero left the Project and filed this action), but that prejudgment interest on the Degmor $100,000 amount would run from the date the settlement was paid. Aniero now says without contradiction that it paid Degmor on December 12, 2003. Aniero's proffered judgment complies with the Court's two-tiered interest commandment by calculating prejudgment interest on an amount of $1,902,475.61 from December 22, 1994 to December 12, 2003, and on an amount of $2,002,475.61 from December 13, 2003 through December 31, 2003 (and succeeding days until the judgment is entered).

■ Aetna acknowledges that Aniero correctly fashioned a two-tier structure with respect to prejudgment interest. But it complains that the 15% overhead and profit allowance on the Degmor $100,000 amount should run only from the date of payment to Degmor, December 12, 2003. There is no substance to this contention. The Court's two-tier commandment applied only to the calculation of prejudgment interest, and was necessitated by the differing dates from which interest would be calculated. The 15% overhead and profit allowance applies to the cost to Aniero of Degmor's work, which I allowed

in the amount of $100,000. The 15% allowance is triggered by that cost amount, and not by the date on which Aniero paid Degmor.

The Court will endorse the Judgment in the form submitted by Aniero and present it to the Clerk for entry on February 3, 2004. Post-judgment interest will accrue in accordance with the provisions of 28 U.S.C. § 1961.

It is SO ORDERED.